JEREMIAH MARTIN *et al.*

*v.*

THE COMMISIONERS OF HIGHWAYS OF SCOTLAND TOWNSHIP *et al.*

*Filed at Springfield April 2, 1894.*

1. PRACTICE IN THE SUPREME COURT—*plea of release of error—re-
versal on demurrer.*   Where a demurrer is filed to a plea of release of
errors, if the plea is held bad the judgment below must be reversed,
without reference to the question whether the errors were well assigned.

2.  One of the objections in the circuit court to the record of the proceedings laying out a highway was, that it did not contain a written release of damages by P., one of the land owners over whose land the road was established.  To the writ of error the defendants in error pleaded that on, etc., P., by his deed of that date, released to them "any and all errors in the record and proceedings aforesaid, so far as the same relate to him :"  *Held,* that the plea was clearly bad on demurrer, and that P., not being a party to the writ of error, could not release errors assigned by the plaintiffs in error.

Writ of Error to the Circuit Court of McDonough county ; the Hon. Charles J. Scofield, Judge, presiding.

Messrs. Neece & Son, and Messrs. Bailey & Holly, for the plaintiffs in error.

Messrs. Sherman & Tunnicliff, for the defendants in error.

Mr. Justice Wilkin delivered the opinion of the Court :

This was a petition by plaintiffs in error for a common law writ of *certiorari,* to bring up the proceedings of defendants in error ordering the opening of a highway.  By agreement of parties the issuing of the writ and a formal return thereto were waived, and copies of all records, files and papers attached to and made part of the petition for the writ were to be taken and considered by the court, on the hearing, as the return. At its September term, 1892, the court overruled all objections by petitioners, to the record, and entered judgment quashing the writ, and for costs.   From that order this writ of error is prosecuted.

At the January term, 1894, the case standing for hearing upon our docket, the defendants in error filed a plea of release of errors, and plaintiffs in error demurred thereto.  Thereupon, in pursuance of the established practice in this court, the case was taken for decision upon the plea and demurrer, and if the plea is found bad the judgment below must be reversed, without reference to the question whether the errors were well

assigned.    *Page et al.* v. *The People ex rel.* 99 Ill. 418, and cases cited ; *Beardsley* v. *Smith et al.* 139 id. 280.

One of the objections in the circuit court to the proceedings laying out the highway was, that it did not contain a written release of damages by Mary J. Pace, one of the land owners over whose land the road was established.    The plea of release of errors avers, that on the ninth day of December, 1893, Mrs. Pace, by her deed of that date, released to the defendants in error "any and all errors in the record and proceedings aforesaid, so far as the same relate to her, as by the said deed and reference thereto will more fully appear."    The plea concludes : "Wherefore they pray judgment if plaintiffs in error ought to maintain their said writ of error against them."    The plea is so clearly insufficient as a release of any errors assigned in this court, that it must have been filed through inadvertence.    The question here is, did the circuit court commit error in the judgment rendered by it at its September term, 1892.    That question can only be determined upon the case as there presented. If error was committed on the record of the road proceeding as it then stood, (which the plea admits,) no subsequent change or amendment of that record could work a release of such error.    The parties assigning errors here are Jeremiah Martin, Robert Walker, James A. Walker and Lee G. Robeson.    The plea in no way connects either of them with the act of Mrs. Pace which is pleaded as a release of errors.    It will scarcely be contended that Mrs. Pace, not a party, could, of her own motion, release errors assigned by plaintiffs in error.

The demurrer to the plea will be sustained, and the judgment of the circuit court reversed.

*Judgment reversed.*