### George Kelly, et al., v. Stephan W. Jacobs, et al.

#### Gen. No. 11,857.

1. ASSIGNMENTS OF ERROR—*when plea to, is bad.*  A plea interposed to assignments of error which professes to answer all of such assignments of error, but which only answers a part, is bad and a demurrer thereto is properly sustained.

2. FINAL JUDGMENT—*when should follow sustaining of demurrer to plea.*  Final judgment should be entered where a demurrer interposed to a plea of release of errors, whether by formal release, acceptance of the benefits of the judgment or decree, or the Statute of Limitations, is sustained.

3. DECREE—*when erroneous, will be reversed as to one defendant in error and affirmed as to another.*  Where a decree consists of several distinct, separate and independent parts, where there are different adjudications, a part of which affect a party to the decree and others do not affect such party, where the errors assigned go to a part only of the decree or to so much of the decree as affect only one or more of the de-

fendants in error, and do not affect one or more of the other defendants in error, there the decree may be affirmed in part and reversed in part, or affirmed as to a part of the defendants in error and reversed as to others.

4. DECREE—*when erroneous, will be reversed as to all defendants in error.* Where the errors assigned go to adjudications which are the foundation of the entire decree, where the rights of all the defendants in error, as declared and enforced by the decree, rest upon such adjudications, where from the nature of such adjudications and the relief granted by the decree to the defendants in error or refused to the plaintiffs in error, the decree cannot be erroneous as to one or more of the defendants in error and proper as to one or more of the other defendants in error, there the decree, although not in form joint, must be held so far joint, so far an entire thing, that if reversed as to one defendant in error it must be reversed as to all.

Bill to redeem. Error to the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1904. Reversed and remanded. Opinion filed October 6, 1905. Rehearing denied October 24, 1905.

**Statement by the Court.** This is a writ of error to the Circuit Court of Cook County to reverse a decree of that court entered January 18, 1904, and modified by an order entered February 15, 1904, upon stipulation of the parties. The writ of error was returnable to the October term, 1904, of this court and in due time the record, abstract and brief for plaintiffs in error were filed. The defendants in error, other than Bancroft, filed a plea to the assignments of error to which the plaintiffs in error demurred. January 20, 1905, an order was made by this court sustaining the demurrer and giving the defendants in error leave to file new pleas in ten days. January 30, 1905, new pleas were filed by all of the defendants in error.

May 9, 1905, an order was made by this court that that part of the order of January 20, 1905, which gave leave to the defendants in error to file new pleas be vacated, the pleas filed January 30, 1905, stricken from the records, without prejudice to a motion by the plaintiffs in error to reverse and remand and also without prejudice to a motion by the defendants in error for leave to file additional or amended pleas.

May 12, 1905, all of the defendants in error moved for

leave to file new pleas, and on the same day the plaintiffs in error renewed their motion that the decree be reversed and the cause remanded. Both motions were taken and suggestions and counter-suggestions have been filed in support thereof and in opposition thereto.

GEORGE W. HALL, for plaintiffs in error.

JOHN M. GARTSIDE and JOSIAH CRATTY, for defendants in error.

MR. JUSTICE BAKER delivered the opinion of the court.

The question directly brought before us by the present motions is, whether a judgment of reversal must follow the judgment heretofore entered upon the demurrer, or whether we may now permit the defendants in error to file new pleas, but as it is within our power to set aside the order sustaining the demurrer to the pleas, we will consider the question whether the order sustaining the demurrer was proper.

The decree was entered January 18, 1904, and amended upon stipulation February 15, 1904. The court by an order entered in the cause May 11, 1904, found that the decree, the stipulation and the order of February 15, 1904, had been fully complied with and in all respects fully paid and satisfied, and adjudged and decreed the same to be fully paid and satisfied.

It appears from the record that May 18, 1904, on motion of complainant Bancroft, a rule was entered in the cause against the defendant Hall, requiring him to satisfy of record a judgment at law recovered by him against Bancroft and Frink in the Superior Court; that June 10, 1904, a rule was entered that Hall show cause in five days why he should not be attached for contempt for failing to comply with said order; that upon a hearing on said rule Hall was adjudged guilty of contempt and ordered to stand committed to the jail of said county until he complied with the order of May 18th.

. Three of the assignments of error upon the record are as follows:

"26. The court erred in ordering said Hall to satisfy of record the judgment obtained by him in the Superior Court of Cook County against said Bancroft and Frink.

27. The court erred in finding said Hall guilty of contempt of court.

28. The court erred in ordering said Hall to be arrested and confined in jail until he should satisfy of record said judgment obtained by him in the Superior Court of Cook County against said Bancroft and Frink."

The other errors assigned relate to the decree and to the proceedings in the cause prior to the decree.

The plea in question after the formal beginning proceeds as follows: "The defendants for plea to the assignments of error filed herein by the plaintiffs say as to all the said errors assigned by plaintiffs, that plaintiffs in error, their writ of error to maintain ought not, because they say that the errors in said record apparent, if any there be, heretofore, to wit: on the eleventh day of May, A. D. 1904, at, etc., in, etc., were by plaintiffs in said Circuit Court. George Kelly and George W. Hall, the plaintiffs in error herein, in consideration of full payment made to them by the defendants of all the monies, interest and costs recovered by them in and by virtue of said decree, whereby said decree was paid and satisfied in full, released and held for naught by such acceptance," etc.

The assignments of error are regarded as a declaration, each assignment as a count of the declaration. It is a familiar rule that a plea which professes to answer the whole declaration, but only answers a part, is bad. The plea contains nothing that can be considered an answer to the assignments of error above set forth, and the demurrer to the plea was therefore properly sustained. Peabody v. Kendall, 145 Ill. 519.

We know of no exception to the rule that upon demurrer to a plea of release of errors, whether by formal release, acceptance of the benefits of the judgment or decree, or the Statute of Limitations, final judgment must follow the judgment upon the issue of law thus tendered. In Page v.

The People, 99 Ill. 418, it was said, p. 426: "Where a plea of release of errors on demurrer thereto is adjudged bad, a judgment of reversal must be entered thereon. Clapp v. Reid, 40 Ill. 121; Ruckman v. Alwood, 44 Ib. 183; Thornton v. Houtze, 91 Ib. 217."

In Martin v. Commissioners, etc., 150 Ill. 158, it was said, p. 159: "If the plea is found bad, the judgment must be reversed without reference to the question whether the errors were well assigned."

In International Bank v. Jenkins, 104 Ill. 143, where the plea was the Statute of Limitations, it was said, p. 148: "Now when a demurrer was filed, of necessity, there could be but one of two judgments rendered on the issue tendered, either of which would be final, so far as the issue involved was concerned. If the plea was good in law, then the writ of error would have to be dismissed. If on the other hand the plea was bad,—not sufficient in law—as no other defense was interposed, the judgment or decree would have to be reversed,—in other words, the plea confessed the error but sought to avoid it by the Statute of Limitations."

The only remaining question is whether the decree must be reversed as to all of the defendants in error or only as to those who joined in the plea to which the demurrer has been sustained.

The rule that a judgment against two or three defendants is a unit and if erroneous as to one defendant must be reversed as to all, does not apply to decrees. But when the nature of the decree is such that the same reasons apply, the same rule must be held applicable. Enos v. Capps, 12 Ill. 255.

Where a decree is joint, if found erroneous as to one party, it will be reversed as to all. Montgomery v. Brown, 2 Gilm. 581; Tompkins v. Wiltberger, 56 Ill. 385.

Where a decree consists of several distinct, separate and independent parts; where there are different adjudications, a part of which affect a party to the decree and others do not affect such party, where the errors assigned go to a

part only of the decree or to so much of the decree as affect only one or more of the defendants in error and do not affect one or more of the other defendants in error, there the decree may be affirmed in part and reversed in part, or affirmed as to a part of the defendants in error and reversed as to others. But where the errors assigned go to adjudications which are the foundation of the entire decree; where the rights of all the defendants in error, as declared and enforced by the decree, rest upon such adjudications; where from the nature of such adjudications and the relief granted by the decree to the defendants in error, or refused to the plaintiffs in error, the decree cannot be erroneous as to one or more of the defendants in error and proper as to one or more of the defendants in error, there the decree, although not in form joint, must be held so far joint, so far an entire thing, that if reversed as to one defendant in error, it must be reversed as to all. P., Ft. W. & C. Ry. Co. v. Reno, 123 Ill. 273.

The bill in this case was filed by defendant in error Bancroft, against plaintiffs in error and the defendant in error Stephan W. Jacobs. It was in effect a bill to redeem from a sale of personal property made as security for a loan of money by defendant Hall to complainant. The bill alleged that such sale was made by complainant and one Frink who held said property for complainant, and that as a part of the transaction complainant and Frink gave to Hall their collateral promissory note, dated June 28, 1901, for $2,000, payable in thirty days, with power to sell said property if said note was not paid; that Hall advanced but $1,500 on said note and that the remaining $500 of said note was for usurious interest; that the time of payment was extended first to August 25, 1901, and afterwards to October 23, 1901, and for each extension complainant and Frink gave to Hall a note for $500; that Hall made certain advances to protect and preserve said property at complainant's request, for which it was agreed he should hold said property as security.

The prayer of the bill was, *inter alia*, that the amount due

to the defendants Hall and Kelly, or to Hall on account of said loan of $1,500, and of the advances to preserve and protect the property, might be ascertained and that upon complainant paying the same, which he offered to do, that the defendants might be required to deliver said property to complainant. The defendants filed separate answers to the bill, and Kelly filed a cross-bill against Bancroft and the defendants Hall and Jacobs, to which Bancroft and Jacobs filed answers.

The findings contained in the decree were, *inter alia,* that the sale of said property by complainant and Frink to Hall was as security for a loan of money; that for said loan and the agreements to extend the same set up in the bill, complainant and Frink gave Hall their note for $2,000, their two other notes for $500 each and that there was no consideration for said notes other than the sum of $1,500, which Hall advanced to complainant; that upon said note for $2,000, Hall had recovered judgment, by confession, against complainant and Frink in the Superior Court for $2,233.51; that Hall and Kelly had contracted to sell said property to defendant Jacobs for $4,128; that Bancroft had an interest in the money to be received by Hall and Kelly from Jacobs for said property, to the amount of the usurious interest and attorneys' fees charged to Bancroft by Hall; that Kelly had paid to Hall $2,000 on account of said property, but that the sale thereof by Hall to Kelly was colorable and that Kelly did not acquire title thereto as against Bancroft; that Bancroft had after the commencement of the suit sold and transferred to defendant Jacobs all his interest in said property and to any money that might be awarded to complainant in said suit; that the total amount due to Hall and Kelly on account of the original loan and the advances made by them to preserve and protect the property, with interest to the date of the decree, was $2,613.61, of which $356.43 was due to Hall and $2,257.18 to Kelly.

The decree ordered *inter alia* that Jacobs pay to Hall said sum of $356.43, to Kelly said sum of $2,257.18 and that

such payments should satisfy all demands of either Hall or Kelly against Jacobs, Bancroft and Frink on account of said loan and subsequent advances made by Hall and Kelly to protect said property; that the said three notes given by Bancroft and Frink to Hall should be merged in the decree; that upon payment of said sums of money Hall should deliver to Bancroft said three notes; that the said judgment recovered by Hall against Bancroft and Frink on said notes should by such payment be discharged and satisfied, and that Jacobs upon making such payments should hold said property free from all liens or claims of Hall or Kelly.

The adjudications of the decree between Hall and Kelly and their co-defendant Jacobs are not distinct, separate or independent from the adjudications between the complainant Bancroft and the defendants Hall and Kelly. On the contrary, the former are dependent upon the latter. The adjudication that upon the payment by Jacobs of the amount by the decree found to be due from Bancroft to Hall and Kelly, Jacobs should hold the property in question free from all liens or claims of said Hall and Kelly rests wholly upon the adjudication that as between Bancroft and Hall and Kelly the latter held the property as security merely and that the amount by the decree found to be due was the amount equitably due from Bancroft to Hall and Kelly, and upon the adjudication that Bancroft had transferred all his interest in the subject-matter of the suit to the defendant Jacobs.

The defendants in error, Frances C. Jacobs and Chicago Wax Paper Company, were not parties to the suit, but after decree entered their appearance and stipulated with the parties to the suit that an order might be entered in the cause enjoining them from selling said property, and thereupon, without any change of the pleadings, such order was made.

It clearly appears from the record that at the time the original decree was entered the controversy was wholly between the present plaintiffs in error and the defendant

Stephan W. Jacobs and that the defendants in error Frances C. Jacobs and Chicago Wax Paper Company have acquired whatever rights they have in the subject-matter of the suit from the defendant Stephan W. Jacobs after the decree.

·We think that the defendants in error, Bancroft and Stephan W. Jacobs, were each so affected by the decree; that the adjudications in favor of Jacobs were so dependent upon the adjudications in favor of Bancroft as to bring the decree within that class of decrees where a reversal as to the defendants in error other than Bancroft must result in a reversal of the decree as to Bancroft as well.

The motion of the defendants in error for leave to file new pleas will be denied and final judgment will now be rendered upon the order of January 20, 1904, sustaining the demurrer of plaintiffs in error to the plea theretofore filed by the defendants in error other than Bancroft. The judgment will be that the decree be reversed as to all of the defendants in error and that the cause be remanded to the Circuit Court.

*Reversed and remanded.*