MARY MELVINA SMITH *et al.* Appellants, *vs.* SARAH J. RITTENHOUSE, Appellee.

*Opinion filed December 17, 1913.*

1. HOMESTEAD—*the widow is not required to personally occupy an assigned homestead.* After an assignment of a homestead it is not essential to the continuance of the estate that the widow should continue to reside upon the premises, and she may occupy them by a tenant or convey the estate by deed, and her estate does not differ from an ordinary estate for life.

2. SAME—*widow occupying assigned homestead by tenant may have another homestead in second husband's property.* Where a widow having a homestead estate assigned to her marries again and occupies the homestead premises by a tenant while she lives with her second husband upon premises which he was occupying as a homestead at his death, she is entitled to a homestead estate in such premises as his surviving widow, as residence with the husband on his land is the only requirement for a homestead, and it is immaterial what interests she may have in other land.

APPEAL from the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding.

FRED B. MERRILLS, for appellants:

A woman cannot have two unassigned estates of homestead existing at the same time, and where a widow has a homestead unassigned she cannot retain it on re-marrying, where her husband has homestead. Kales on Homestead, 207, 208; *Ludington v. Patton,* 121 Wis. 655.

One cannot have two homesteads at the same time, both exempt; nor can he have two, either of which, at his election, would be exempt. *Wright v. Dunning,* 46 Ill. 271; Kales on Homestead, 207; *Hair v. Davenport,* 74 Neb. 119.

Where a husband and wife living on town lots as their homestead disagree and the husband moves to a farm and lives with tenants until his death, the wife continuing to live on the town lots, the widow cannot claim a homestead in the farm. *Miller v. Miller,* 234 Ill. 16.

There is a well marked distinction between an assigned homestead and an unassigned homestead. *Stobaugh v. Irons,* 243 Ill. 58.

A California court held that where a homestead had been assigned to the widow and she re-married, she would at the death of her second husband be entitled to another homestead. (*Higgins v. Higgins,* 46 Cal. 259.) However, this decision cannot be authority here because of the essential difference between the California statute and ours.

In Georgia there are two homesteads,—one defined by the constitution and the other by the statute. It is held in that State that a person may claim either the constitutional homestead or the statutory homestead but cannot claim both. *Johnson v. Roberts,* 63 Ga. 167.

KARCH & HEIMBERGER, for appellee:

The estate of homestead exists only when three things concur: (1) The person claiming the estate must be a householder; (2) he or she must have family; and (3) the premises claimed must be occupied as a residence. *Rock*

v. *Haas*, 110 Ill. 528; *Holnback* v. *Wilson*, 159 id. 148; *Daughters* v. *Christy*, 223 id. 612.

Under the statute the estate is continued for the benefit of the surviving widow so long as she continues to occupy the same, so that the right attaches to the widow if it attached to the husband in his lifetime. By the act of 1872 the homestead right was changed from a mere exemption to an estate, which was exempt from the laws of descent and devise and continued for the benefit of the surviving widow as well as husband. *Powell* v. *Powell*, 247 Ill. 432.

An estate of homestead in a tract of land worth more than $1000, on the death of the husband vests immediately in the widow by operation of law. *Garwood* v. *Garwood*, 244 Ill. 580.

Mr. JUSTICE DUNN delivered the opinion of the court:

The appellants, who are the children and devisees of William J. Rittenhouse, filed a bill for the partition of his real estate and the assignment of dower to his widow, Sarah J. Rittenhouse, the appellee. An estate of homestead was decreed to the appellee, and the controversy on this appeal is as to her right to such homestead. She, with her husband, had occupied the premises as a residence for several years before his death, and he had therefore an estate of homestead therein, which the statute declares should continue for her benefit so long as she should occupy the homestead. It is insisted that she is not entitled to the benefit of this statute because before her marriage to Rittenhouse she was the widow of Frederick Aull and had had an estate of homestead assigned to her out of his lands, which she still holds.

Frederick Aull died before 1879, and at the March term, 1879, of the county court of St. Clair county proceedings were taken for the sale of his real estate for the payment of debts, in which an estate of homestead in his

lands was assigned to his widow, the appellee. She resided upon this homestead with her second husband, William J. Rittenhouse, until 1907, when they moved to the premises assigned to her as a homestead in this proceeding and resided thereon until her husband's death, in 1911. After leaving the homestead assigned her out of Aull's estate she continued to occupy it through a tenant, to whom she rented it.

After the assignment of a homestead it is not essential to the continuance of the estate that the widow should continue to reside upon the premises. She may occupy them by a tenant or she may convey them by a deed, and her estate does not differ from an ordinary estate for life. (*White* v. *Plummer,* 96 Ill. 394.) It is not dependent upon her residence, and the acquisition of an estate of homestead in other lands by residence thereon is not, therefore, inconsistent with the continuance of the former estate. Whether such former estate would, after another homestead was acquired, be exempt from sale for the payment of debts is a question not now presented or considered. It is conceded that the appellee has not lost in any way her interest in the lands of her first husband, and we see no reason why she should be excluded from the benefit of the statute continuing to her, as surviving wife, the homestead estate which her husband, William J. Rittenhouse, undoubtedly had in his own land. Residence of the wife with the husband on the latter's land is the only requirement for a homestead. That condition is found here, and it is immaterial what other interest the wife may have had in other land, whether acquired through a former husband or otherwise.

*Decree affirmed.*