## Thomas Claffy, Administrator, Defendant in Error, v. Mary Farrell, Plaintiff in Error.

### Gen. No. 5,758.

1. APPEAL AND ERROR, § 1036*—*when assignment of errors constitutes declaration.* An assignment of errors stands as the declaration of the plaintiff in error.

2. APPEAL AND ERROR, § 361*—*when plea to assignment of errors constitutes confession of error.* A plea to an assignment of errors, amounting to pleas of release of errors, constitutes a confession of error.

3. APPEAL AND ERROR, § 362*—*when presumed errors well assigned.* In considering a demurrer to pleas of release of errors to an assignment of errors it ·will be assumed that the errors are well assigned.

4. APPEAL AND ERROR, § 362*—*when judgment reversed on plea alleging release of errors.* Where pleas to an assignment of errors constitute a confession of error, the judgment should be reversed as to the parties pleading them unless the facts alleged in release of those errors are sufficient for that purpose.

5. APPEAL AND ERROR, § 263*—*where existence of error not determined.* It is unnecessary to determine whether there was in fact error when there is a demurrer to a plea to an assignment of errors constituting a plea of release of errors.

6. APPEAL AND ERROR, § 361*—*what constitutes plea of release of error.* On writ of error from a decree of a County Court approving an administrator's report, discharging the administrator and declaring the estate settled, pleas to the assignment of errors *held* to constitute pleas of release of errors.

7. APPEAL AND ERROR, § 360*—*what does not constitute release of error.* The fact that the mother of an infant child and heir, after an alleged erroneous decree of sale of the land of the father, sold and conveyed her interest in the land including her homestead right, and abandoned and removed from the premises, does not operate as a release of error by the child who, as plaintiff in error, assigns as error that the sale was void as to the entire interest of the deceased, and consequently of his heir, plaintiff in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

8. APPEAL AND ERROR, § 260*—*what does not constitute release of error.* The fact that third persons, in reliance upon an erroneous decree, purchased real estate does not operate as a release of error by a then infant, but now adult, child who sues out a writ of error, where plaintiff in error did nothing to mislead such purchasers or to induce them to acquire interests in the land.

9. APPEAL AND ERROR, § 1070*—*when right to join in error not lost.* Under the Practice Act, sec. 109 (J. & A. ¶ 8646), defendants in error pleading a release of error to assignments are not deprived of the right to join in error.

10. HOMESTEAD, § 112*—*when sale not valid.* There can be no valid sale of homestead property to pay debts subject to the right of homestead, unless the right therein is waived or assigned by law, where the homestead premises are worth less than $1,000.

Error to the County Court of Lake county; the Hon. DeWITT L. JONES, Judge, presiding. Heard in this court at the October term, 1914. Demurrers to pleas sustained. Opinion filed January 6, 1915. *Certiorari* denied by Supreme Court (making opinion final).

EDWIN L. WAUGH and HAMLIN & TOPLIFF, for plaintiff in error.

COOKE, POPE & POPE, for defendant in error.

MR. PRESIDING JUSTICE CARNES delivered the opinion of the court.

William E. Farrell, a resident of Lake county, died intestate March 14, 1894, leaving Catherine Farrell, his widow, and Edward Farrell and Mary Farrell, his minor children and only heirs at law. He left household furniture valued at $15 and other chattel property valued at $75, and was at the time of his death the equitable owner of 143 acres of land in said county, the legal title to which was in Thomas Claffy as security for an indebtedness of $2,000, subject to a prior mortgage incumbrance of $4,000. Letters of administration were issued to Thomas Claffy March 6, 1895, and he qualified and proceeded to administer the estate in Lake county in the usual routine of such matters. An appraisement bill was filed and approved, fixing the widow's award at $654. An inventory was filed

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

showing the interest of deceased in the above mentioned real estate. On July 5, 1895, claims were allowed aggregating $138.86, and on that date the administrator proceeded under section 98 and following sections of our Administration Act (J. & A. ¶ 147 *et seq.*) in the County Court, to sell the interest of deceased in said real estate to pay debts. The just and true account required by the statute showed a deficiency of personal property for payment of claims allowed of about $700 and just claims yet to be presented of more than $500, making the total deficiency of personalty for payment of debts about $1,200.

On August 9, 1895, the court entered an order directing the sale, and the administrator afterwards reported the interest of deceased in said real estate sold to J. M. Barron, the tenant in possession and a party to the action, for $114. The sale was approved and conveyance ordered but the record shows no report of a conveyance made under the order. October 1, 1898, the administrator filed his final report and was discharged and the estate declared settled. The record brought here does not contain the final report but does contain the finding of the court that all costs of administration had been fully paid, that the widow had accepted $300 in full payment of her award, which sum was partly contributed by the administrator, that all the assets of the estate were exhausted, leaving no funds with which to pay seventh-class claims and that the administrator had waived his claim for services; and the order approving the report, discharging the administrator and declaring the estate settled.

Mary Farrell, plaintiff in error, after arriving at the age of eighteen years, brings the record here for review on writ of error, and brings into court here, Thomas Claffy, the administrator, J. M. Barron, the purchaser at the sale, Catherine Farrell, the widow of deceased, Edward Farrell, the other heir of deceased, and various parties who have acquired interests in portions of

the land by conveyances and mesne conveyances from J. M. Barron. And assigns errors as follows:

"First: The County Court of Lake county was without jurisdiction of the subject-matter to enter the said Decree of Sale.

"Second: The County Court of Lake county, Illinois, was without jurisdiction of all the necessary and proper parties defendant or respondent to enter said Decree of Sale.

Third: The County Court of Lake county, Illinois, erred in entering the said Decree of Sale.

"Fourth: The said attempted sale of real estate by the Administrator of the Estate of William E. Farrell, deceased, had under the authority of said alleged Decree of Sale, was illegal and absolutely null and void for want of the proper legal authority to make said sale, which said pretended sale, involving the sale of a homestead was made contrary to the provisions of the law of the State of Illinois.

"Fifth: The County Court of Lake county, Illinois, erred in entering the order approving said alleged sale of real estate.

"Sixth: The County Court of Lake county, Illinois, erred in entering the order of October 1, 1898, allowing certain claims aggregating $999.87.

"Seventh: The County Court of Lake county, Illinois, erred in entering the order approving the Final Report and Account of the Administrator of the Estate of William E. Farrell, deceased."

Defendants in error William Ryan, Tobias Jensen, William C. Upton and E. M. Hauser, terre tenants, file here a plea to "the Third Assignment of Error, the sale of the real estate referred to in the Fourth Assignment of Error, and the order of court approving the sale of the real estate." Defendant in error Joseph M. Barron filed a plea to the whole assignment of error and defendant in error Harry H. Beach, one of the terre tenants, filed a plea to the first, second, third,

fourth and fifth assignments of error. Defendants in error who have not pleaded are Catherine Farrell, Edward Farrell, Jane Shaw, J. A. Moulton, Mary J. Fitch, Chicago and Northwestern Railway Company and Thomas Claffy; the latter, Thomas Claffy, has filed a brief seeking to sustain the validity of the pleas, the other defendants in error last named have not filed an appearance.

Plaintiff in error has filed demurrers to the pleas which we took with the case.

The facts pleaded as summarized in defendants' in error's brief are as follows:

"1.  That the administrator in pursuance of the decree sought to be set aside, sold the real estate in question to the defendant in error, J. M. Barron, by the name, style and description of Joseph M. Barron.

"2.  That in pursuance of said sale and after it had been reported and approved by the court, said administrator executed and delivered to said J. M. Barron, defendant in error, an administrator's deed dated October 12, 1895.

"3.  That Catherine Farrell, the widow of the deceased, in consideration of three hundred dollars ($300), sold and conveyed all her right, title and interest in said real estate, including her homestead rights to the defendant, J. M. Barron, and executed and delivered a deed to him dated the 14th day of October, 1895, releasing all rights of homestead exemption, in the body of the deed and in the certificate of acknowledgment.

"4.  That prior to or about the time of the execution of said deed, said Catherine Farrell abandoned her homestead in said real estate taking said two minor children with her, and has never since occupied the same as a homestead or otherwise, but has lived in the County of Cook for over twelve years last past and said children have lived with her.

"5.    That in March, 1902, said defendant in error, J. M. Barron, sold said real estate to the defendant in error, Harry H. Beach, and by deed dated March 7, 1902, he conveyed the same to Mary J. Fitch in pursuance of said sale to said Harry H. Beach.

"6.    That on the 23d day of June, 1905, said Mary J. Fitch sold five and one-half acres of said estate to a railroad company.

"7.    That on the 8th day of March, 1907, said Mary J. Fitch gave a trust deed upon said estate to William C. Upton, trustee, a defendant in error, to secure the payment of a promissory note for five thousand dollars, held by the defendant in error, E. M. Hauser.

"8.    That said Mary J. Fitch and the defendant in error, Harry H. Beach, sold and conveyed the balance of said real estate to the defendant in error, Tobias Jensen for the sum of eleven thousand dollars and by their warranty deed dated October 13, 1908, conveyed the same to him, the said Tobias Jensen.

"9.    That said Tobias Jensen became and now is the bona fide owner of said real estate except that part conveyed to the railroad company.

"10.    That the defendant in error, William Ryan, is in possession of said real estate as a tenant of said Tobias Jensen, except said five and one-half acres sold to the railroad company.

"11.    That said Catherine Farrell was of lawful age at the time of the entering of said decree authorizing said administrator to sell said real estate, and was not under duress or non compos mentis.

"12.    That said plaintiff in error, Mary Farrell, arrived at the age of eighteen years in July, 1911; and the said Edward Farrell arrived at the age of twenty-one years in April, 1913."

The assignment of errors stands as the declaration of the plaintiff in error. *Schaeffer v. Ardery,* 238 Ill. 557; *Austin v. Bainter,* 40 Ill. 82. The pleas amount to a confession of error, for which, as to the parties plead-

ing them, the judgment should be reversed, unless the
facts alleged in release of those errors are sufficient for
that purpose. *Thornton v. Houtze,* 91 Ill. 199; 2 Cyc.
1008. In considering this demurrer it must be assumed
the errors are well assigned. *Martin v. Com'rs of
Highways,* 150 Ill. 158. It is unnecessary to inquire
whether there was in fact error. *Page v. People,* 99
Ill. 418; *Beardsley v. Smith,* 139 Ill. 290.

Assuming then that the decree is bad as charged in
the assignment of errors, and it was in fact bad if the
property sold was the homestead estate of deceased,
because there can be no sale of property to pay debts
subject to the right of homestead, unless the latter is
waived or assigned in the manner provided by law,
where the homestead premises (the estate of the house-
holder in the land) are worth less than $1,000. *Hart-
man v. Schultz,* 101 Ill. 437; *Mueller v. Conrad,* 178
Ill. 276. Then the inquiry is whether any fact or facts
pleaded are sufficient to work a release of such error
by the plaintiff in error who was a party to the suit in
which the error was committed.

The fact pleaded that the mother of plaintiff in error,
after the decree of sale, sold and conveyed her interest
in the land, including her homestead right, and
abandoned and removed from the premises, does not
operate as a release of error by the child; because while
it is true as argued by counsel that the homestead
right of the widow and her minor children is during
the minority of the children under the control of the
mother and she may defeat their right by abandoning
the homestead, still the errors assigned are not that
the sale failed to result in a conveyance of the home-
stead estate, but that it was void as to the whole
interest of the deceased and consequently of his heir,
the plaintiff in error, in the land in question. The
substance of the other facts relied upon to work a
release of error is that conveyances were made under
the decree sought to be reversed and that innocent

purchasers have acquired interests in the real estate in question on the faith of the judicial proceedings. It is not pleaded that plaintiff in error has done anything to mislead such purchasers or to induce them to acquire interests in the land. It is difficult to see how the acts of other parties entirely unconnected with plaintiff in error could operate as a release of error by her. *Martin v. Com'rs of Highways, supra*. Counsel in support of their pleas call our attention to *Denk v. Fiel*, 249 Ill. 424; and *Ure v. Ure*, 223 Ill. 454; holding that innocent third parties may rely upon decree of court. Neither of these cases is authority for the position that third persons, purchasing pending the suing out of a writ of error, may prevent the reversal of an erroneous decree, and we know of no such authority. What rights, if any, innocent purchasers of the land in question may have, as among themselves or against plaintiff in error, in some appropriate proceeding if the decree is reversed is not a question now before us.

If the errors are well assigned (and the pleas admit they are), we are of the opinion that there is nothing in the facts pleaded that operate as a release of those errors by Mary Farrell, therefore the demurrer to the pleas must be sustained and the pleas adjudged bad. We are of the opinion that the pleas should each be treated as a plea of release of errors, and under section 109 of our Practice Act (Jones & Addington Stats. ¶ 8646), defendants in error so pleading are not deprived of the right to join in error. *Schaeffer v. Ardery, supra;* therefore leave is given to such defendants in error and each of them to join in error if they or he shall be so advised, and in that event to file brief and argument by the first day of the next term.

*Demurrers to pleas sustained.*