Thomas Claffy, Administrator, Defendant in Error, v. Mary Farrell, Plaintiff in Error.

Gen. No. 5,758.

1. EXECUTORS AND ADMINISTRATORS, § 397*—*when a decree for sale of homestead should not be made.* Where an intestate had an estate of homestead in land sought to be sold for the payment of debts for which payment the personal estate of intestate was insufficient, it was error to decree the sale prayed for unless the estate of homestead was waived or assigned in the manner provided by law.

2. HOMESTEAD, § 83*—*when widow does not abandon homestead by remarriage.* In case a widow having a homestead estate in land of a deceased husband remarries, she retains her homestead estate in such land notwithstanding the second marriage, but the second husband and his children acquire no such estate in such land.

3. EXECUTORS AND ADMINISTRATORS, § 397*—*when homestead cannot be sold for debts.* Land belonging to an intestate which was his homestead cannot be sold to pay his debts where it appears that the value of the land above incumbrances is not in excess of $1,000.

4. EXECUTORS AND ADMINISTRATORS, § 396*—*what interest of intestate in land may be sold to pay debts.* The interest of an intestate in land in which he had no homestead estate, but wherein his

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

wife had such an estate, may be sold to pay debts subject to such. homestead estate.

5. EXECUTION, § 9*—*when interest of heir in land may be sold subject to homestead of wife.* The estate of an heir in land may be levied upon and sold for the payment of his debts subject to the homestead estate of his wife in such land.

6. EXECUTION, § 8*—*when remainder in land subject to homestead may be sold.* The estate of a remainder-man in land subject to the homestead estate of another person, whether assigned or not, may·be subjected to the ` payment of the debts of such remainder-man, either before or after his death.

7. EXECUTORS AND ADMINISTRATORS, § 397*—*when decree ordering sale of land subject to homestead not erroneous.* In a petition by an administrator to sell the real estate of his intestate to pay debts where the personal estate of the intestate was insufficient to pay such debts, a decree ordering such sale subject to the homestead estate of intestate's widow *held* not erroneous, where intestate in his life-time had no homestead estate in such land.

8. APPEAL AND ERROR, § 1270*—*when appellate court will presume evidence sustained finding in decree.* Where, on appeal from a decree finding facts to sustain it, there is no certificate or other showing of the evidence on which the decree was made, and where the record does not purport to show all the proceedings in the trial court, the Appellate Court will presume that the evidence sustained the finding of facts in the decree unless it appears from the record that the decree was not or could not be sustained thereby, and will not without evidence presume that the evidence was inconsistent with the facts found and the conclusion therefrom in the decree.

9. EXECUTORS AND ADMINISTRATORS, § 417*—*how administrator claiming property as mortgagee brought in as party to action to sell land for debts.* In a petition by an administrator to sell the real estate of his intestate to pay debts for the payment of which intestate's personal estate was insufficient, which petition alleges that the title to the real estate sought to be sold was in plaintiff individually as mortgagee, and where such administrator filed in the cause an individual appearance as such mortgagee in the usual form of such entries in chancery suits, a decree of sale fixes such mortgagee's rights in the property as an individual, and brings him into court as effectually as though the court had expressly ordered that he be made a defendant in the cause, it being unnecessary in such case for plaintiff to procure an express order making him a defendant as an individual, or to have summons issued and served on him individually as a lien holder as required by section 102 of the Administration Act (J. & A. ¶ 151).

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

10. PARTIES—*how character in which party acts is to be determined.* The character in which a person is in court is to be determined from the body of the pleadings in the action.

11. PARTIES—*when administrator in court in representative capacity.* It is possible for a person to be in court in a representative and not in an individual capacity where on the evidence he might be in court in either capacity, as for example, where an administrator who appears as petitioner for leave to sell real estate of his intestate to pay debts, for the payment of which the personal estate of intestate is insufficient, is also, in his individual capacity as mortgagee, the holder of the title to such real estate.

12. APPEAL AND ERROR, § 1268*—*when presumed appearance regularly made.* On appeal from a decree where it appears from the record that a defendant appeared by an agent after summons had been issued but not served on such defendant, the Appellate Court will presume that evidence was offered as to the authority of the agent to enter appearance for such defendant or that some other entry of appearance was made, where the decree finds that such defendant did enter an appearance in the cause without saying on what evidence the finding is based and where there is no certificate of evidence.

13. APPEAL AND ERROR, § 1273*—*when presumed that evidence heard in support of findings of County Court.* On appeal from a decree of the County Court, the proceeding in which the decree appealed from was entered is to be aided by every presumption that evidence was heard in support of the finding of facts contained in the decree which would prevail if the proceeding had been in the Circuit Court.

Error to the County Court of Lake county; the Hon DeWITT L. JONES, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed October 20, 1915. *Certiorari* denied by Supreme Court (making opinion final).

EDWIN L. WAUGH and HAMLIN & TOPLIFF, for plaintiff in error.

COOKE, POPE & POPE, for defendant in error.

MR. JUSTICE CARNES delivered the opinion of the court.

We have heretofore sustained a demurrer to pleas of release of errors filed by certain of the defendants in error, and given such defendants leave to join in error. We recited in the opinion then filed (196 Ill.

App. 65), the assignment of errors and the condition
of the record so far as deemed necessary for the con-
sideration of the questions then before us, and we will
not here repeat what we there said. The defendants,
Thomas Claffy, Joseph M. Barron, William Ryan,
Tobias Jensen, William C. Upton and E. M. Hauser
have filed their joinder in error. In the decree, after
stating the venue, title of the court and the cause, it
is recited to the effect that on the 9th day of August,
1895, came the petitioner by his attorneys, and upon
their motion it appearing to the court that each and all
of the defendants therein except the defendant, Jane
E. Shaw, had been duly and personally served with
summons therein ten days and more before the first
day of the ten present term of said court; and that the
defendant Jane E. Shaw had in writing waived the
issuing and serving of process therein, entered her
appearance and consented to a hearing at the then
present term of said court. That the infant defend-
ants, Edward Farrell and Mary Farrell, by Lewis O.
Brockway, their guardian *ad litem,* had filed their
answer and the petitioner his replication to the same,
and that the adult defendants having failed to plead,
answer or demur to said petition as required by a for-
mer order of court, had therein failed and made de-
fault. That it was therefore ordered, adjudged and
decreed by the court that each and all of the adult de-
fendants be defaulted for noncompliance with said
order. That said default be entered and said petition
taken as confessed by each and all of the said adult
defendants. That thereupon the cause coming on on
that day (August 9, 1895) to be heard upon the peti-
tion taken as confessed by each and all of the adult
defendants, the answer of said infant defendants by
their guardian *ad litem* and the replication to such
answer and the proofs both oral and documentary
taken and heard in open court, and the court having
heard the evidence and the arguments of counsel and

being fully advised in the premises, on consideration thereof, found that each and all of the material allegations in the petition contained were true as therein stated; that the court had jurisdiction of the subject-matter of said cause and of each and all of the parties thereto.

And the court further found that William E. Farrell, named in said petition, departed this life intestate at said county of Lake on March 15, 1894; that the petitioner on or about the 6th day of March, 1895, was duly appointed administrator of the estate of said deceased, and gave bond and duly qualified; that an inventory and appraisement bill in said estate had been duly made, filed and approved; that the petitioner had rendered to said County Court a just and true account of the personal estate and debts of said deceased, which had been duly approved; that the personal estate of said deceased amounted to $90; that the debts and demands allowed against said estate, including widow's award, amounted to $792.86; that there were just claims to be presented against said estate to the amount of $600; that there had come to the hands of the petitioner, personal estate to the amount of $90; that there was a deficiency of personal property to pay the debts of said deceased, which amounted to about $1,200.

That said William E. Farrell, deceased, died seized of certain real estate in said county of Lake (here follows a description of the real estate described in petition for leave to sell, closing with a statement that the lands described consisted of one hundred forty-three acres, more or less), and then stated that while the legal title to the same was in Thomas Claffy, he, in fact, held said title as a mortgage on which $2,000 was due, subject to the mortgage of the defendants, Jane E. Shaw and J. A. Moulton, amounting to $4,000.

*That said deceased left surviving him the defendant, Catherine Farrell, as his widow, having dower and homestead interest in said real estate;* and the defend-

ants, Edward Farrell and Mary Farrell, as his children, and only children heirs and only heirs at law; and that both of said children were infants under the age of legal majority respectively.

And the court further found that all the things necessary to be done in order to obtain said decree had been regularly done in the manner required by law, and the petitioner having given the bond required by law in a proceeding for the sale of real estate of deceased persons for the payment of debts, in the sum of $3,500 with surety, to the satisfaction of the court, and that said bond and surety were thereby approved.

That it was theretofore ordered, adjudged and decreed by the court that the petitioner proceed to make sale of the right, title, interest and estate of the said William E. Farrell, deceased, in and to all of the real estate in said decree described; that said sale be made at public auction to the highest bidder for cash, at the east door of the courthouse in the City of Waukegan, County of Lake, and State of Illinois, on such day as the petitioner might appoint between the hours of ten o'clock in the forenoon and five o'clock in the afternoon, and give notice and advertise said sale in the manner required by the statute in such case, made and provided, that upon making such sale he make report thereof to the court, and upon the approval of such report and confirmation of such sale he convey the premises to the purchaser thereof.

The principal error complained of is number 4 of the assignment, and in the brief of plaintiff in error she grounds her argument on the following statement: The real estate which constituted a homestead and which was also subject to dower was sold contrary to the statute and for less than $1,000, to a party to the proceeding without setting off homestead or dower, and without the consent of the widow filed in the proceeding, as provided by statute. If the premises in question were the premises of deceased, we are of the

opinion, as we stated in passing on the demurrer to pleas, that it was error to decree their sale unless the homestead was waived or assigned in the manner provided by law, which was not done. But we find nothing in the record from which it can be determined that the premises were the homestead estate of the deceased. The land in question is located on several different forty-acre tracts, but adjacent so that it might have been occupied and inclosed, as a farm. There is nothing in the record indicating where the dwelling house may have been located. It does not appear that it was the homestead of deceased except by inference from the allegations in the petition for sale of real estate and the finding in the decree of sale that the widow of deceased had homestead and dower rights in the land. It is quite possible that she had a homestead interest that she did not acquire by her marriage and residence with deceased. This may have been the land of a former husband, and she may have acquired a homestead estate in this land as his widow. In that event, neither William E. Farrel nor his children would have any homestead rights in the premises here in question; but she would have been entitled to a homestead estate notwithstanding her second marriage. *Smith v. Rittenhouse,* 260 Ill. 599. A reasonable assumption and a natural inference from the facts disclosed by the record is that the entire tract of land constituted one farm, inclosed and owned by deceased, that it was worth a few hundred dollars but not exceeding $1,000, in excess of the mortgage indebtedness of about $6,000, with which it was incumbered; therefore, if it was the homestead of deceased it could not be sold by his administrator for the payment of his debts. If, however, it was not the homestead of deceased, but was the homestead estate of his wife, the interest of deceased might be sold subject to such homestead estate in this proceeding. The estate of the heir may be levied on and sold for the payment of his debts subject to the home-

stead estate of the widow of deceased. *Brokaw v. Ogle,* 170 Ill. 115; *Dinsmoor v. Rowse,* 200 Ill. 555. And we assume the estate of any owner of a remainder, subject to a homestead estate of another person, assigned or unassigned, may be subjected to payment of the debts of such owner of the remainder either before or after his death. If the premises in question were not the homestead of William E. Farrel, deceased, in his lifetime, there was no error in decreeing their sale subject to the homestead rights of his widow. The decree recites that proofs both oral and documentary were heard. What those proofs were and what they tended to show we cannot know. The record brought here does not purport to show all the proceedings in the trial court, and contains no certificate of evidence and no other showing of what the proof was. Very likely the evidence was not preserved. It may be that the proof showed the usual condition of homestead in the widow derived from the marriage and residence with her deceased husband, and not the unusual condition of a homestead right in the widow of one man derived from her marriage and residence with another man, as in the case of *Smith v. Rittenhouse, supra.* But we are bound to presume the evidence sustained the finding of facts in the decree, unless it appears from the record before us that it did not or could not sustain it. And we should not presume without evidence that something was proven inconsistent with the facts found and the conclusion therefrom in the decree.

It is urged that Thomas Claffy as an individual was not in court. He held the legal title to the land and filed the petition for sale to pay debts as administrator of the deceased. He recited therein the facts required by section 100 of our Administration Act (J. & A. ¶ 149), including the statement of his interest in the land as an individual. The petition did not follow the form of a bill in chancery in designating parties defendant and praying for summons, but summons was

issued as required by section 102 (J. & A. ¶151), to the widow and heirs and persons holding liens other than Thomas Claffy, and there was filed with the petition a written entry of appearance in the usual form of such entries in chancery suits, signed by Thomas Claffy, containing the title of the cause, naming Thomas Claffy, administrator, as petitioner, and Thomas Claffy, an individual, as one of the defendants. There is no express order of court making him a defendant, but the decree of sale fixes his rights in the property as an individual. We have no doubt he was in court as an individual as effectually as if summons had been issued against him. The character in which he was in court is determined from the body of the pleadings. 31 Cyc. 99; *Kinsella v. Cahn,* 185 Ill. 208. It is quite possible for a person to be in court in a representative and not in an individual capacity, as in the case of *Cleveland v. Cleveland,* 225 Ill. 570, cited by counsel; but nothing in that case, or in any other case that we have been referred to, supports the contention of counsel that Thomas Claffy, as administrator, should have had summons issued and served on himself, or procured from the court some express order making him a party defendant in order to give the court jurisdiction of him as an individual.

It is also contended that Jane E. Shaw, who held the mortgage on the land prior to Claffy's claim, was not in court. It appears from the record that summons was issued for Jane E. Shaw and not served. Her entry of appearance in writing, to which her name is signed by J. A. Holden as her agent, was filed in the case. It is insisted that this appearance did not give the court jurisdiction of her, because there is no proof of Holden's authority to so act as her agent. But the court finds in the decree of sale that she did enter her appearance in the case and does not say on what it bases that finding. We must presume proof was offered of the authority of the agent or that there was

some other entry of appearance by her that supports that finding. This proceding in the County Court is aided by every presumption of proofs heard in support of the findings of fact that would prevail if the proceeding was in the Circuit Court. *Barnett v. Wolf,* 70 Ill. 76; *Glos v. People,* 259 Ill. 332.

Plaintiff in error argues that the court erred in allowing certain claims after the date of the sale of real estate. The record does not show when the claims were filed or contain any other data from which we can determine that question.

We are of the opinion that the record of the proceedings in trial court for the sale of land to pay debts discloses no error of that court. The decree is therefore affirmed.

*Affirmed.*